UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MISTY LACHENMAIER; and CYNTHIA LACHENMAIER; and WARREN BALDWIN and KATHERINE BALDWIN, husband and wife; and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>PACIFIC FINANCIAL HOLDINGS, INC., dba: PFH, INC., LOANEX, LOAN EX, FAST CASH LOANS, and FAST CASH; and the man calling himself "MR. SHOCKLEY", a collector for LOAN EX, and JANE DOE SHOCKLEY, husband and wife; STEVEN H. SELVAR and JANE DOE SELVAR, husband and wife; and J. BLAKE GOLDBERG and JANE DOE GOLDBERG, husband and wife,<br><br>Defendants. | NO. CV-05-0284-JLQ<br><br>ORDER RE: PLAINTIFFS' MOTION FOR REMAND TO SPOKANE COUNTY SUPERIOR COURT; ORDER OF REMAND TO SUPERIOR COURT; AND ORDER CLOSING FILE |

BEFORE THE COURT is the Plaintiffs' Motion for Remand to Spokane County Superior Court (Ct. Rec. 21). Plaintiffs move for an order remanding this case to Superior Court and an award of attorneys' fees and costs incurred as a result of the removal action. Plaintiffs are represented by **Michael D. Kinkley.** Defendants are represented by **Stephania Camp Denton**, **Jennifer A. Williams**, and **John D. Wilson, Jr.**.

## I. Background

On September 15, 2005, the Defendants removed this case from state court claiming that: (1) removal is proper based on subject matter jurisdiction, pursuant to 28

U.S.C. § 1441(a)-(b), because the Plaintiffs' Complaint claims a violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 ("FDCPA"); and (2) 28 U.S.C. § 1453 provides that a class action suit "may be removed to a district court of the United States in accordance with section 1446 . . . without regard to whether any defendant is a citizen of the State in which the action is brought." (Ct. Rec. 1 at 3, ¶¶ 6-8). Defendants claim this Court would then have pendent jurisdiction over all related state claims under 28 U.S.C. § 1441(c). It is noted that since the Defendants' Notice of Removal of Civil Action, neither party has addressed 28 U.S.C. § 1453 as a basis for removal.

In the recently filed memoranda, the Defendants' claim that federal subject matter jurisdiction is evident because the Complaint *expressly* asserts claims under the FDCPA, 15 U.S.C. § 1692 et seq., or in the alternative, that the Plaintiffs' state law claim is a claim for which relief depends on the resolution of a substantial question of federal law. (Ct. Rec. 24). The Plaintiffs, on the other hand, deny making a federal claim under the FDCPA. Instead, the Plaintiffs claim that the FDCPA is only involved in this case as "a predicate violation for the Washington Small Loan Act which prohibits violations of 'state or federal statutes when collecting a delinquent small loan,'" (Ct. Rec. 22 at 2), which, in pertinent part, states that "[a] licensee shall comply with all applicable state and *federal laws* when collecting a delinquent small loan." Wash. Rev. Code § 31.45.082 (2005) (emphasis added). Additionally, the Plaintiffs argue that the FDCPA aspect of their Washington Small Loan Act claim does not raise a substantial question of federal law. (Ct. Rec. 26).

**II. Subject Matter Jurisdiction**

Pursuant to 28 U.S.C. § 1441, defendants may remove any civil action brought in a state court to the appropriate federal district court if the district courts of the United States have original jurisdiction. 28 U.S.C. § 1441(a) (2005); *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 163 (1997). Thus, removal depends on whether the plaintiff could have filed the case in federal court originally. *City of Chicago*, 522 U.S.

at 163 (1997) (citation omitted). Since district courts have original jurisdiction over cases "arising under the Constitution, law, or treaties of the United States" pursuant to 28 U.S.C. § 1331, it is settled law that "a cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law." *Id.* at 163 (quoting *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987).

This "well-pleaded complaint rule" provides that the plaintiff is master of the complaint and determines the theory of the action, allowing the plaintiff to purposefully decide between state and federal court by choosing between state and federal claims. *See Caterpillar Inc.*, 482 U.S. 386, 391 (1987)(stating that "[t]he rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law"). As a result, "[ . . . ] a defendant may not remove a case to federal court unless the *plaintiff's* complaint establishes that the case 'arises under' federal law." *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 10 (1983)(emphasis in original). To "arise under" federal law, the "plaintiff's well-pleaded complaint must establish either (1) that federal law creates the cause of action or (2) that the plaintiff's asserted right to relief depends on the resolution of a substantial question of federal law." *Peabody Coal Co.,* 373 F.3d 945, 949 (9th Cir. 2004). The rule precludes a federal defense from giving rise to federal jurisdiction since it is not part of the plaintiff's complaint. *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998).

On the other hand, under the so-called "artful pleading doctrine," the plaintiff may not manipulate the issue of jurisdiction and defeat removal by omitting necessary federal questions from the complaint. *Id.* at 475. There can be situations where a state-created cause of action "can be deemed to arise under federal law: (1) where federal law completely preempts state law, (2) where the claim is necessarily federal in character, or (3) where the right to relief depends on the resolution of a substantial, disputed federal question." *ARCO Envtl. Remediation, L.L.C. v. Dept. of Health and Envtl. Quality of the State of Mont.*, 213 F.3d 1108, 1114 (9th Cir. 2000)(citations omitted).

Accordingly, if the court concludes that the plaintiff is artfully pleading claims to avoid federal court, it may remove the case from state court even though no federal question appears on the face of the plaintiff's complaint. *Rivet*, 522 U.S. at 475.

While the existence of federal question jurisdiction is ordinarily determined from the face of the complaint, *Sparta Surgical Corp. v. Nat'l Ass'n of Sec.*, 159 F.3d 1209, 1211 (9th Cir. 1998), it is proper for the district court "to use the petition for removal to clarify the action plaintiff presents and to determine if it encompasses an action within federal jurisdiction." *Schroeder v. Trans World Airlines*, 702 F.2d 189, 191 (9th Cir.1983); *see also Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003)(endorsing the practice of "considering facts presented in the removal petition as well as any 'summary-judgment-type evidence relevant to the amount in controversy at the time of removal.'")(quoting *Singer v. State Farm Mutual Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997).

In this case, determining whether the Plaintiffs' Complaint contains a federal claim that would support federal subject-matter jurisdiction is difficult because the Complaint is, at the very least, unclear. In the "Summary of Claims," the Plaintiffs' claims seem limited to "violations of Washington State Check Cashers and Sellers Act (RCW 31.45 et seq.); for damages and remedies pursuant to the Washington State Consumer Protections Act (RCW 19.86 et seq.)." (Ct. Rec. 1-1 at 2, ¶ 1.1). Later, however, the Complaint includes a "Violation of the Collection Agency Act and the Fair Debt Collection Practices Act" as a separate heading, which could be construed to be a separate claim. (Ct. Rec. 1-1 at 14, ¶ 10.2). Then, in the following section claiming a "Violation of the Washington Small Loan Act RCW 31.45," the Complaint states "[d]efendants failed to comply with state and federal laws when collecting delinquent small loans (FDCPA USC 15 § 1692; Washington Collection Agency Act, RCW 19.16)." (Ct. Rec. 1-1 at 15, ¶ 11.4). Finally, in the "Demand," the Plaintiffs' remedies include: (1) "actual damages," which are available under both the FDCPA and the state law claims, (2) "[d]eclaratory judgment that defendants' practices violate the . .

. Fair Debt Collection Practices Act 15 USC 1692 and . . . federal laws," and; (3) an "[i]njunction prohibiting defendant's conduct violating (sic) . . . federal laws." (Ct. Rec. 1-1, ¶¶ 14.1-14.6).

In the end, when removing an action from state to federal court, it is the Defendants' burden to show that removal is proper, *United Computer Sys., Inc. v. AT&T Corp.*, 298 F.3d 756, 763 (9th Cir. 2002) (citations omitted), and "federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *A-Z Intern v. Phillips*, 323 F.3d 1141, 1145 (9th Cir. 2003). Removal statutes are strictly construed in favor of remand. *Harris v. Bankers Life and Cas. Co.*, 425 F.3d 689, 698 (9th Cir. 2005). If, in the end, a case is improperly removed, the federal court must remand the action because it has no subject-matter jurisdiction to decide the case. *ARCO Envtl. Remediation, L.L.C.*, 213 F.3d at 1113 (9th Cir. 2000).

Although both interpretations of the Plaintiffs' Complaint are reasonable, the Defendants have failed to meet their burden. Portions of the Complaint, when read in isolation, could be understood to raise federal claims. However, when the Complaint is read in its totality, the alleged violations of the FDCPA do appear to be used as predicate violations of state law. While "actual damages" are available under the FDCPA, *see* 15 U.S.C. § 1692k (2005), they are also available under the Washington Consumer Protection Act, RCW 19.86.090. The other remedies, injunctive and declaratory relief, are not available to private individuals under the FDCPA, *see Weiss v. Regal Collections*, 385 F.3d 337, 341-42 (3d Cir. 2004) (explaining that "[b]ecause the statute explicitly provides declaratory and equitable relief only through action by the FTC, we believe the different penalty structure demonstrates Congress's intent to preclude equitable relief in private actions"). Rather, injunctive relief is available under the Washington Consumer Protection Act, RCW 19.86.090, and declaratory relief is not a basis for federal court jurisdiction. As explained by the Ninth Circuit in *Exxon Shipping Co. v. Airport Depot Diner, Inc.*:

> [T]he wholesome purposes of declaratory acts would be aborted by its use as an instrument of procedural fencing either to secure delay or to choose a

> forum. It was not intended by the act to enable a party to obtain a change of tribunal and thus accomplish in a particular case what could not be accomplished under the removal act . . .

120 F.3d 166, 170 (9th Cir. 1997)(*citing H.J. Heinz Co. v. Owens*, 189 F.2d 505, 508 (9th Cir.1951)). When the remedies the Plaintiff seeks are available under state law claims in addition to the FDCPA, or are not available under the FDCPA at all, they do not serve to support the Defendants' removal petition.

In the alternative, the Defendants argue that federal jurisdiction exists because Plaintiffs' state law claims depend on the resolution of federal law. In *ARCO Envtl. Remediation, L.L.C. v. Dept. of Health and Envtl. Quality of the State of Mont.*, the Ninth Circuit stated that a state-created cause of action can be deemed to arise under federal law when "the right to relief depends on the resolution of a substantial, disputed federal question." 213 F.3d at 1114. However, the standard is stricter than whether the state-law claims implicate significant federal issues. As the Supreme Court recently explained, in *Grable & Sons Metal Products, Inc. v. Darue Eng'g & Mfg.*, 125 S.Ct. 2363, 2368 (2005), the standard is: "does a state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities."

The issue here is whether the Plaintiffs' claim under the Washington Small Loan Act necessarily raises a federal issue. The Ninth Circuit has held that "when a claim can be supported by alternative and independent theories -- one of which is state law theory and one of which is federal law theory -- federal question jurisdiction does not attach because federal law is not a necessary element of the claim." *Rains v. Criterion Sys. Inc.*, 80 F.3d 339, 346 (9th Cir. 1996) (*citing Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800 (1988)). Here, the Plaintiffs provide two alternative theories for a violation of the Washington Small Loan Act claim. The Complaint alleges a violation of federal law, namely, the FDCPA, **only** as a predicate violation of the state law claim and not as a separate federal claim. The state law claim also alleges a violation of the

Washington Collection Agency Act as an alternative predicate violation. Therefore, the FDCPA is not an essential component of the Washington Small Loan Act claim because the Plaintiffs' claims are capable of being resolved on state grounds without the interpretation or resolution of "a substantial disputed question of federal law.

While not cited by the Defendants, the court has reviewed a recent case from the Second Circuit, *Broder v. Cablevision Sys. Corp.*, 418 F.3d 187 (2d Cir. 2005), which at first reading might support the Defendants' position, even though a case from that Circuit is not binding on this court. However, this court finds *Broder* to be factually distinguishable from this case. The court there held that “what a plaintiff presents as one ‘count’ may be understood to encompass more than one claim.” The court held that the Plaintiff's state law contract claim was logically separable from the federal law contract claim and that in fact, the Plaintiff had stated a separate federal law claim. *Broder* is clearly different from the case *sub judice* in that the Plaintiffs herein expressly disavow any federal claim and reference federal law only as a predicate to their state law claims.

**III. Attorney Fees and Costs**

Whether to award attorney fees and costs in the remand order is entirely discretionary. 28 U.S.C. § 1447(c) states, in pertinent part, that “ . . . [a]n order remanding the case *may* require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal” (emphasis added). In a recent decision of the Supreme Court, *Martin et ux. v. Franklin Capital Corp.*, No. 04-1140, 546 U.S. ___ (2005), the Court held that absent unusual circumstances, attorney fees should not be awarded under § 1447(c) when the removing party has an objectively reasonable basis for removal. In light of this decision and the fact that the Plaintiffs' awkwardly drafted Complaint caused the Defendants to read a federal claim into the action, this Court declines to award fees or costs.

**IV. Conclusion**

Federal courts are courts of limited jurisdiction. Because the Defendants have

failed to meet their burden and affirmatively demonstrate federal subject matter jurisdiction, this Court finds that it lacks jurisdiction. Accordingly, this case is remanded to Washington State Superior Court, in and for the County of Spokane. Additionally, an award of attorney fees and costs pursuant to 28 U.S.C. § 1447(c) is not appropriate. Accordingly,

**IT IS HEREBY ORDERED:**

1. Plaintiffs' Motion for Remand to Spokane County Superior Court (Ct. Rec. 21) is **GRANTED.**

2. This matter is **REMANDED** to Spokane County Superior Court.

3. The Clerk of this Court shall mail a certified copy of this Order to the clerk of the Spokane County Superior Court of Washington. The State court may thereupon proceed with the case under its cause No. 05-204175-1.

4. Plaintiffs' request for attorney fees and costs (Ct. Rec. 21) is **DENIED**.

**IT IS SO ORDERED**. The Clerk is hereby directed to enter the Order, furnish copies to Plaintiff and counsel, furnish a copy to the clerk of the Spokane County Superior Court, and close the file.

**DATED** this 13th day of December, 2005.

s/ Justin L. Quackenbush
JUSTIN L. QUACKENBUSH
SENIOR UNITED STATES DISTRICT JUDGE